UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                AMENDED
                            DECISION and ORDER

-vs-                                    13-CR-6025

FRANKLIN BROCK, JR.,

                      Defendant.
_____

      This case was referred by text order of the undersigned, entered February 12, 2013, ECF No. 34, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). On September 20, 2013, Defendant filed an omnibus motion, ECF No. 183, seeking, *inter alia,* a determination as to the applicability of the Juvenile Delinquency Act to Count One of the Third Superseding Indictment, the narcotics conspiracy charge, and suppression of tangible evidence. With respect to the defendant's motion to suppress tangible evidence, Magistrate Judge Payson conducted an evidentiary hearing concerning the circumstances of a traffic stop of Defendant and the subsequent search of his person, which occurred on January 4, 2013. ECF Nos. 278, 293 and 305. On December 11, 2015, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 458, recommending that the Court find that the Juvenile Delinquency Act does not apply to Count One of the Third Superseding Indictment, and that the Court grant the defendant's motion to suppress tangible evidence.

      The time has passed for Defendant to file any objections to the R&R, and none have been filed. However, on December 28, 2015, the Government objected to that

portion of Magistrate Judge Payson's R&R in which she recommended the suppression of tangible evidence, that is, the seven glassine bags containing cocaine discovered during a search of the defendant's person.  Government's Post-Hearing Memorandum in Opposition to Franklin Brock Jr.'s Motion to Suppress Evidence From Car Stop ("Government's Post-Hearing Memorandum"), ECF No. 468. More specifically, the Government maintains that "[t]he Report and Recommendation contradicts the weight of authority which holds that an officer who makes a traffic stop and smells burnt marijuana emanating from inside the car is justified in searching the car and its occupants." Government's Post-Hearing Memorandum, at 5.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which an objection has been made.  In that regard, the specific issue presented to this Court for its *de novo* review is as follows: Was the warrantless search of the defendant, following an authorized traffic stop, during which the police smelled marijuana, legal?

In resolving the Government's objection, the Court, upon its *de novo* review of the proceedings, including the transcripts of the evidentiary hearing and exhibits received, accepts the "Factual Background" as detailed by Magistrate Judge Payson, R&R at 2-13, with which familiarity is presumed. To briefly summarize, on January 4, 2013, the police conducted an authorized traffic stop of a blue Chevrolet Malibu driven by the defendant and containing two other occupants: a front-seat passenger and a rear seat passenger. The officer who stopped the Malibu smelled burnt marijuana emanating from inside the vehicle. However, other than the general smell of marijuana from inside the vehicle, no evidence was presented which arguably identified the defendant as the

source of the odor. Subsequently, apparently based solely on the general smell of marijuana from inside the vehicle, the defendant was searched and the glassine bags discovered.[1]

It is well settled that, under the Fourth Amendment, warrantless searches are, per se, unreasonable, subject to a few specifically established and well delineated exceptions. *United States v. Howard*, 489 F.3d 484, 492 (2d Cir. 2007). Although the Government failed to clarify under what theory it maintains the search was lawful, only two of these well delineated exceptions seem relevant in this case. One is the automobile exception, by which "police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004) (citing *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S. Ct. 2485, 135 L. Ed. 2d 1031 (1996)). The other is search incident to arrest for marijuana possession, which would permit the police to perform a search of the arrestee's person. *United States v. Robinson*, 414 U.S. 218 (1973). The Court does not believe that either applies.

First, as to the automobile exception, it is undisputed that the police, based upon the generalized smell of marijuana, had the right to search the defendant's vehicle and any containers within the vehicle where marijuana might be stored. *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982).  However, the Court does not believe that the generalized smell of marijuana alone gave the police *carte blanche,* pursuant to the automobile exception, in and of itself, the right to search the

---

[1] The defendant has not raised any question as to the legality of the pat frisk which was conducted prior to the full blown search of his person, and, accordingly, the Court need not address it.

person of the defendant or for that matter any other occupant. In other words, the Court does not believe that the generalized odor of marijuana, without more, gave the police the right to search the person of the defendant, who was the driver of the car, or the two passengers. In recommending that suppression be granted, Magistrate Judge Payson relied in part on the United States Supreme Court case of *Wyoming v. Houghton*, 526 U.S. 295 (1999). That case involved a routine traffic stop by the Wyoming Highway Patrol, during which an officer noticed a hypodermic syringe in the driver's pocket, which the driver admitted that he used to take drugs. The officer then proceeded to search the passenger compartment of the vehicle, including a purse, which Sandra Houghton, the passenger in the vehicle, acknowledged was hers. The United States Supreme Court reversed the Wyoming Supreme Court and determined that the drug paraphernalia found in Houghton's purse was lawfully seized pursuant to the automobile exception. While it is true, as the Government points out, that *Houghton* did not involve the search of a driver of a car from which the police smelled marijuana emanating, the Court, nonetheless, finds it instructive with respect to the parameters of the automobile exception.

> In this regard-the degree of intrusiveness upon personal privacy and indeed even personal dignity–the two cases the Wyoming Supreme Court found dispositive differ substantially from the package search at issue here. *United States v. Di Re*, 332 U.S. 581, 68 S. Ct. 222, 92 L. Ed. 210 (1948), held that probable cause to search a car did not justify a body search of a passenger. And *Ybarra v. Illinois*, 444 U.S. 85, 100 S. Ct. 338, 62 L. Ed. 2d 238 (1979), held that a search warrant for a tavern and its bartender did not permit body searches of all the bar's patrons. **These cases turned on the unique, significantly heightened protection afforded against searches of one's person.** Even a limited search of the outer clothing ... constitutes a severe, though brief, intrusion upon cherished personal security, and it must surely be an annoying, frightening, and perhaps humiliating experience. *Terry v. Ohio*, 392 U.S. 1, 24-25, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Such traumatic

> consequences are not to be expected when the police examine an item of personal property found in a car.

*Id*. at 303 (emphasis added). Nowhere in its decision in *Houghton* does the Supreme Court indicate or even suggest that a search of Sandra Houghton's person, prior to the discovery of drug paraphernalia in her purse, would have been justified pursuant to the automobile exception. Such a position would, in any event, be inconsistent with *Ybarra*, *supra*, where the Supreme Court stated:

> [B]ut, a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Sibron v. New York*, 392 U.S. 40, 62-63, 88 S. Ct. 1889, 1902, 20 L. Ed. 2d 917. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be. The Fourth and Fourteenth Amendments protect "the legitimate expectations of privacy" of persons, not places. *See Rakas v. Illinois*, 439 U.S. 128, 138-143, 148-149, 99 S. Ct. 421, 427-430, 433, 58 L. Ed. 2d 387; *Katz v. United States*, 389 U.S. 347, 351-352, 88 S.Ct. 507, 511, 19 L. Ed. 2d 576.

*Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S. Ct. 338, 342, 62 L. Ed. 2d 238 (1979). Moreover, clear support for the Court's conclusion concerning the inapplicability of the automobile exception as justification for the search of the defendant's person is found in *United States v. Di Re*, *supra*, to which the *Houghton* Court also referred. In *Di Re*, the Supreme Court, in identifying the search issue under consideration, stated:

> The claim is that officers have the right, without a warrant, to search any car which they have reasonable cause to believe carries contraband, and incidentally may search any occupant of such car when the contraband sought is of a character that might be concealed on the person.

*Di Re*, 332 U.S. at 584. As the Supreme Court observed above, in *Houghton*, *Di Re*

5

held that probable cause to search a car did not justify a body search of a passenger.

Second, the Court does not agree that the generalized smell of marijuana coming from a multi-occupant vehicle provides probable cause to arrest everyone in the vehicle for the offense of possessing marijuana,[2] and thus justifies the full blown search of the defendant here as incident to a lawful arrest. That is, the mere scent of marijuana coming from a group of individuals without more, whatever their location, does not by itself provide the police probable cause to arrest and search incident to such arrest any particular individual in the group. As indicated previously, a finding of probable cause must be particularized to a specific individual. *Ybarra*, 444 U.S. at 91 (where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person). In this case, the fact that the defendant was the driver of a vehicle that contained two other occupants seems to the Court a distinction without a difference. Nothing in the evidence adduced at the hearing pointed to the defendant as the source of the marijuana smell as opposed to any other occupant in the vehicle, so as to justify his, rather than anyone else's, arrest for unlawful possession of marijuana and authorize his search incident to such arrest.

---

[2] Under New York law, the jurisdiction in which the events under consideration took place, the applicable offense that the Government suggests would provide a predicate to a search incident to a lawful arrest is Unlawful Possession of Marijuana in violation of New York State Penal § 221.05

In accepting Magistrate Judge Payson's recommendation to suppress the tangible evidence at issue, the most significant hurdle the Court faced was the one posed by the distinguished New York Court of Appeals in *People v. Chestnut*, 36 N.Y. 2d 971 (1975). There, the highest court in New York affirmed a decision by the Appellate Division, Third Department rendered, in *People v. Chestnut*, 43 A.D. 2d 260 (1974). In that case, the Third Department held:

> The primary question to be decided on this appeal is whether the smell of marihuana smoke, with nothing more, can be sufficient to provide police officers with probable cause to search an automobile and its occupants. We hold that it can.

*Id.* at 261. However, in affirming the denial of suppression by the Tioga County Court, the Third Department had rejected that court's reasoning that the search was authorized as incident to a lawful arrest, indicating that:

> While we cannot subscribe to the determination of the court below that the search was made incident to an arrest, which was apparently only effectuated as a result of the challenged search, we do, nevertheless, concur in the result because of the existence of probable cause, which justified the search independently of an arrest.

*Id.* at 262.  Logically, this can only mean that the Third Department, despite the plain language in *Di Re,* extended the automobile exception, as to the odor of marijuana, to all occupants of a vehicle, including the driver. Surprisingly, though, the New York Court of Appeals in affirming the Third Department held, without explanation in its memorandum decision "[w]e agree on this record that the search and arrest were contemporaneous and there was probable cause for the search preceding the arrest as well as for the arrest at the time of the search." *People v. Chestnut*, 36 N.Y.2d at 971. It

seems that the Court of Appeals was affirming Chestnut's search both pursuant to the automobile exception and as incident to a lawful arrest. However, the Court of Appeals did not explain why it believed the Third Department was wrong in rejecting the search incident to arrest exception or how, in light of *Houghton*, *Di Re*, and *Ybarra*, the automobile exception could apply. Subsequently, *Chestnut*, both the Appellate Division decision and the affirmance by the Court of Appeals, has been cited by New York courts as authority for the proposition that the smell of marijuana smoke, with nothing more, can be sufficient to provide police officers with probable cause to search an automobile and its occupants. *See, e.g.*, *People v. Cuffie*, 109 A.D. 3d 1200 (2013); *People v. Smith*, 66 A.D. 3d 514 (2009). Although this Court has the greatest respect for its New York counterparts, it is compelled to conclude that the broad holding in *Chestnut* is inconsistent with federal constitutional law.

There remains one further matter for the Court to consider with respect to the suppression issue. The Court believes this matter is appropriately referred to as the "elephant in the room." What about the simplest justification for the denial of the defendant's application to suppress: that the search of the defendant was lawful pursuant to an authorized arrest for a traffic infraction? As found by Magistrate Judge Payson, and adopted above by this Court, the police observed the blue Malibu, driven by the defendant, commit traffic infractions in violation of the New York Vehicle and Traffic law.  Under such circumstances, it is clear that police had probable cause to arrest the defendant for such infractions. N.Y.Crim. Proc. Law § 140.10.  At the time of

the search which yielded the glassine bags, the defendant was undoubtedly in custody; he was handcuffed in the back of a police car. The fact that the defendant may have been placed in custody, *i.e.*, arrested for an offense, unlawful possession of marijuana, for which probable cause to arrest did not exist, is not determinative. In that regard, it is clear that an arresting officer's subjective belief as to the existence of probable cause for the arrest is not dispositive, and as long as the police objectively possess enough information to establish probable cause, the arrest is lawful:

> Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested. *See, e.g., Dunaway v. New York*, 442 U.S. 200, 208 n.9, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979); *Wong Sun v. United States*, 371 U.S. 471, 479, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963); *Brinegar v. United States*, 338 U.S. 160, 175-76, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949); *Carroll v. United States*, 267 U.S. 132, 161-62, 45 S. Ct. 280, 69 L. Ed. 543 (1925); *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir.1997). Probable cause is to be assessed on an objective basis. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004). "[A]n arresting officer's state of mind (except for the facts that he knows ) is irrelevant to the existence of probable cause. *See Whren v. United States,* 517 U.S. 806, 812-813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) (reviewing cases); *Arkansas v. Sullivan*, 532 U.S. 769, 121 S.Ct. 1876, 149 L. Ed. 2d 994 (2001) (*per curiam*)." *Devenpeck,* 543 U.S. at 153, 125 S. Ct. 588. **Thus, an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause,"** *id.***; an arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime**, *see, e.g., id.* at 155, 125 S.Ct. 588; *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("[A] plaintiff is not entitled to damages under § 1983 for false arrest so long as the

9

arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest.").

*Zellner v. Summerlin*, 494 F.3d 344, 368-69 (2d Cir. 2007) (emphasis added).

Moreover, while under New York law, a search incident to arrest is not authorized for a traffic infraction, (*People v. Marsh*, 28 N.Y.2d 98 (1967), this broader protection provided by New York is not afforded federally:

> First, the officers had probable cause to stop Bogle's Jaguar and arrest him for violating the New York Vehicle and Traffic Law. See, *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) (police may stop a vehicle "where [they] have probable cause to believe that a traffic violation has occurred"); *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994) (New York law allows an officer to arrest a person who violates the Vehicle and Traffic Law in the officer's presence) (citing N.Y.Crim. Proc. Law § 140.10). The district court did not err in accepting Officer Melamed's testimony that he observed Bogle drive at an unsafe speed on the wrong side of the street, drive through a red light, and attempt to avoid arrest once Melamed turned on his lights and siren. **Second, the officer's warrantless search of Bogle's person that led to the seizure of the body armor he was wearing was constitutional as a search incident to a lawful arrest**. See *United States v. Robinson*, 414 U.S. 218, 235–36, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973).

*United States v. Bogle*, 522 F. App'x 15, 20 (2d Cir. 2013) emphasis added.

However, according to Magistrate Judge Payson,

> [t]he government has not contended that the troopers would have arrested Brock for the observed traffic violations and would have searched him incident to arrest and inevitably discovered the cocaine. Indeed, Brock noted in his post-hearing submission that the government had not advanced these arguments, and the government's responsive submission did not disagree.

R&R, at 21, n.9. Western District of New York Local Rules of Criminal Procedure provide for the review of Magistrate Judge's actions, stating in pertinent part:

10

> (3) Certification. Any party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge.

W.D.N.Y. L. R. Crim. P. 59(c)(3). The Government has not argued that probable cause existed to arrest the defendant for a traffic infraction and that on that basis the search at issue was lawful, nor has it complied with Rule 59(c)(3). Consequently, the Court will not consider such as a basis for denying suppression.

In any event, for the reasons set forth in Magistrate Judge Payson's R&R, the Court finds that the Juvenile Delinquency Act does not apply to Count One of the Third Superseding Indictment. Moreover, for the reasons set forth in Magistrate Judge Payson's R&R, as well as the analysis set forth above, the Court grants Defendant's motion to suppress tangible evidence.

IT IS SO ORDERED.

Dated: Rochester, New York
July 12, 2016

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge